UNITED STATES of America, Appellee,

v.

**Jackson Rip HOLMES,**
**Defendant–Appellant.**

**No. 280, Docket 88–1034.**

United States Court of Appeals,
Second Circuit.

Argued Nov. 18, 1988.

Decided Dec. 12, 1988.

Daniel M. Friedland, Hartford, Conn. (Thomas G. Dennis, Federal Public Defend-

er, Gary D. Weinberger, Asst. Federal Public Defender, D. of Conn., Hartford, Conn., of counsel), for defendant-appellant.

James G. Genco, Asst. U.S. Atty., Hartford, Conn. (Stanley A. Twardy, Jr., U.S. Atty., D. of Conn., Hartford, Conn., of counsel), for appellee.

Before LUMBARD, MESKILL and PIERCE, Circuit Judges.

PER CURIAM:

Jackson Rip Holmes appeals from a judgment of conviction entered on January 15, 1988, in the United States District Court for the District of Connecticut, *Blumenfeld, J.,* following a jury trial which consisted of three actual trial days. Appellant was convicted on two counts of threatening the son of the Vice–President of the United States, in violation of 18 U.S.C. § 879(a)(2). Count One charged appellant with threatening to kill Vice–President George Bush's son Jeb, and was based on an oral threat against Bush which he made during a telephone conversation with former Hartford Police Detective Richard Reniewicz on March 6, 1987. Count Two charged appellant with threatening to inflict bodily harm on Bush, and was based on a letter which Holmes sent to Jeb Bush in Florida on February 28, 1987.

## DISCUSSION

Holmes presents two principal arguments on appeal. First, appellant argues that the district judge erroneously instructed the jury that a "threat" need not actually be communicated to anyone in order to be a violation of § 879. Second, appellant argues that the district judge erred in denying the jury's request for a re-reading of Detective Reniewicz's testimony and instructing the jury to rely on its collective memory, and in failing to consult the views of counsel before ruling on the jury's request in contravention of the procedures set forth in *United States v. Ronder,* 639 F.2d 931 (2d Cir.1981).

We find appellant's first argument regarding the court's instructions on the element of "threat" to be without merit. A review of the jury instructions given by the district judge makes it clear that appellant's reading of those instructions is incorrect. Contrary to appellant's claim, the instructions, when viewed as a whole, make it clear that the jury could not have found appellant guilty of violating 18 U.S.C. § 879 without first finding that the oral statement was heard and the letter read by another person.

■ Apropos appellant's second claim, we agree that the district judge should have afforded counsel an opportunity to be heard, prior to responding to the jury's request for a readback of testimony. This was highlighted by the fact that he belatedly reconsidered his decision and announced an intention to grant the jury's request shortly after consulting with counsel for both sides, although the decision came too late to affect the jury's deliberations. Notwithstanding this, however, the test for determining whether the district court's error was harmless is whether this Court can, " 'with fair assurance,' [say] that the procedural error in the handling of the jury's inquiries did not affect the verdict." *Ronder,* 639 F.2d at 935 (quoting *United States v. Schor,* 418 F.2d 26, 30 (2d Cir. 1969)).

■ We have no doubt that the district judge exercised sound judgment in initially refusing the jury's request for a readback of Detective Reniewicz's testimony, notwithstanding his later attempt to accommodate counsels' wish that the testimony be re-read to the jury. While generally the better course of action is for a district court to allow the reading of testimony requested by the jury, it is well-settled that a trial judge has broad discretion in deciding whether to accommodate such a request. *See United States v. Damsky,* 740 F.2d 134 (2d Cir.), *cert. denied,* 469 U.S. 918, 105 S.Ct. 298, 83 L.Ed.2d 233 (1984). The trial judge is most familiar with the testimony and the context in which it was elicited. In this case, the bulk of Detective Reniewicz's testimony was elicited by appellant himself, who, despite the presence of court-assigned stand-by counsel, chose to represent himself at trial. Although

**6**

Holmes was soon thereafter removed as counsel, Reniewicz's testimony came during a segment of the trial in which appellant asked highly improper questions, engaged in extensive colloquy with the court, made seemingly uncontrollable gratuitous comments to the court, jury, and witness, and repeatedly violated the trial judge's rulings and instructions. In short, this segment of evidence was so convoluted, so argumentative, and so aberrant that we cannot say that the district judge abused his discretion in denying the jury's request for a readback and directing them to rely on their own recollection. Given that the district judge's decision was well within the realm of his discretion, we fail to see how the judge's decision not to consult counsel regarding the jury's request could have "affect[ed] the verdict." *Ronder,* 639 F.2d at 935.

We have considered appellant's other arguments and find them to be without merit. Accordingly, the judgment of the district court is affirmed in all respects.