Brian GITTENS, Petitioner,

v.

Charles SCULLY, Superintendent Great Meadows Correctional Facility, Respondent.

No. 89 Civ. 5762 (MGC).

United States District Court, S.D. New York.

May 16, 1990.

Brian Gittens, Comstock, N.Y., pro se.

Robert T. Johnson, Dist. Atty. of Bronx County, New York City, for respondent; by Peter D. Coddington, Lawrence LaRaus, Asst. Dist. Attys.

## AMENDED OPINION AND ORDER

CEDARBAUM, District Judge.

Petitioner Brian Gittens petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner raises the following four grounds for habeas corpus relief: (1) the trial court improperly amended the indictment in its charge to the jury; (2) the trial court improperly denied the jury's request to have testimony read back; (3) ineffective assistance of trial counsel; and (4) ineffective assistance of appellate coun-

sel. For the reasons discussed below, the petition is denied.

## PROCEDURAL HISTORY

Petitioner was convicted by a jury of robbery in the second degree on April 12, 1984 in the Supreme Court of Bronx County. N.Y. Penal Law § 160.10(2)(a) (McKinney 1988). He was sentenced to serve an indeterminate prison term of twelve years to life. *People v. Gittens*, No. 2010–83 (N.Y.Sup.Ct. April 12, 1984).

Petitioner appealed his conviction on grounds other than those which are the subject of this petition. The Appellate Division, First Department, affirmed the conviction without opinion, *People v. Gittens*, 114 A.D.2d 1053, 494 N.Y.S.2d 1009 (1st Dep't.1985), and permission to appeal was denied without opinion by the New York State Court of Appeals. *People v. Gittens*, 67 N.Y.2d 883, 501 N.Y.S.2d 1034, 492 N.E.2d 1241 (1986).

Petitioner subsequently petitioned the United States District Court for the Southern District of New York for a writ of habeas corpus, alleging that the People had failed to prove his guilt beyond a reasonable doubt. That petition was dismissed on June 25, 1987. *Gittens v. Sullivan*, No. 86 Civ. 5380 (S.D.N.Y. June 25, 1987). Petitioner's subsequent motion to the Second Circuit for a certificate of probable cause and assignment of counsel was denied, and his appeal was dismissed. *Gittens v. Sullivan*, 88 Civ. 2027 (2d Cir. Mar. 23, 1988).

In December 1987, petitioner began to attack his conviction on the grounds which are the subject of this petition. Relying on the first three grounds described above, petitioner made a motion in the state trial court to vacate his conviction pursuant to N.Y.Crim.Proc.Law § 440.10 (McKinney 1983). The court denied petitioner's motion. *People v. Gittens*, No. 2010–83, (N.Y. Sup.Ct. Feb. 22, 1988). Petitioner appealed this decision to the Appellate Division for the First Department. He also moved for a new appeal based on ineffective assistance of appellate counsel. The Appellate Division denied all relief without opinion. *People v. Gittens*, 149 A.D.2d 728, 540

N.Y.S.2d 703 (2nd Dep't. 1989). Petitioner's subsequent application for leave to appeal to the Court of Appeals was denied without opinion on June 8, 1989. *People v. Gittens*, 74 N.Y.2d 740, 545 N.Y.S.2d 114, 543 N.E.2d 757 (1989).

## BACKGROUND

Petitioner was convicted of robbing a woman in an elevator of an apartment building. Petitioner, his co-defendant, and another accomplice, followed the victim from the lobby of the building into the elevator. (T. 12) While in the elevator, the three men acting together forcibly took the victim's purse and injured the victim by choking her, throwing her to the floor of the elevator, and then kicking and punching her. (T. 12) Petitioner and the other two assailants fled from the building while the victim called the police. (T. 12–13) Petitioner and the others were found and arrested within fifteen minutes of the robbery. (T. 13)

## DISCUSSION

I. *Procedural Bar*

■ When a state court decision rests on an independent and adequate state procedural ground, a federal court is barred from addressing a federal claim for habeas corpus review. *Wainwright v. Sykes*, 433 U.S. 72, 81, 97 S.Ct. 2497, 2503, 53 L.Ed.2d 594 (1977). A state decision is not procedurally based "unless the last state court rendering a judgment in the case ' "clearly and expressly" ' states that its judgment rests on state procedural bar." *Harris v. Reed*, 489 U.S. 255, 109 S.Ct. 1038, 1043, 103 L.Ed.2d 308 (1989), *quoting Caldwell v. Mississippi*, 472 U.S. 320, 322, 105 S.Ct. 2633, 2636, 86 L.Ed.2d 231 (1985), *quoting Michigan v. Long*, 463 U.S. 1032, 1041, 103 S.Ct. 3469, 3476–77, 77 L.Ed.2d 1201 (1983).

■ In this case, the New York Supreme Court denied petitioner's motion to vacate the judgment of conviction "on the basis of the reasons given in the District Attorney's affirmation in opposition." *People v. Gittens*, No. 2010–83, (N.Y.Sup.Ct. Feb. 22, 1988. The only argument presented in the affirmation was that because petitioner could have raised these claims on direct appeal but failed to do so, he was procedurally barred from raising the claims when seeking post-conviction relief. N.Y.Crim. Proc.Law §§ 440.10(2)(c) and (3)(a) (McKinney 1983). Since the state grounds are neither "interwoven with the federal law," *Long*, 463 U.S. at 1040, 103 S.Ct. at 3476, nor referred to "in the context of clear reliance on federal law," the New York Supreme Court's opinion is a clear and express statement of reliance on state procedural law. *Harris*, 489 U.S. at 319 n. 13, 109 S.Ct. at 1045 n. 13.

*Harris*, however, requires that the clear and express statement be made by the last state court rendering judgment. Here, the last state court to render judgment was the Appellate Division. Because that court rendered its judgment without opinion, there is no express statement that procedurally bars federal habeas corpus review. *See Lopez v. Scully*, 716 F.Supp. 736, 738–39 (E.D.N.Y.1989); *De La Hoz v. Scully*, No. 89 Civ. 2884, 1989 WL 151230 (S.D. N.Y. Dec. 28, 1989) (1989 U.S.Dist. Lexis 14495). Therefore, I turn to the merits of petitioner's claims.

II. *Grounds Claimed for Relief*

A. Amendment of the Indictment

Petitioner's first ground for relief is that the trial court improperly amended the indictment in its charge to the jury. The indictment contained two counts of second degree robbery, and petitioner was convicted on the second count. This count charged that "in the course of the commission of the crime and of immediate flight therefrom the defendants *and* another caused physical injury" to the victim (emphasis added). In its instructions to the jury, the court initially used the language of the indictment. However, the court subsequently charged that a guilty verdict required the jury to find that "defendant *or* another participant caused physical injury" to the victim. (T. 411, *emphasis added*) This change to the disjunctive "or" from the indictment's conjunctive "and" followed the statutory language defining the crime

in N.Y. Penal Law § 160.10(2)(a) (McKinney 1988), and apparently went unnoticed by the court and all parties. Petitioner argues that by charging the word "or" instead of "and" the trial court improperly amended the indictment, and thereby deprived him of his constitutional rights.

■ Petitioner does not specify which constitutional rights were denied by the court's charge to the jury. Nor can this court identify a constitutional violation. Clearly there is no Fifth Amendment violation since the Fifth Amendment guarantee of a grand jury does not apply to the states. *Hurtado v. People of the State of California,* 110 U.S. 516, 4 S.Ct. 111, 28 L.Ed. 232 (1884); *Farinaro v. Kirk,* 675 F.Supp. 75, 83 (E.D.N.Y.1987), *appeal dismissed,* 872 F.2d 1021 (2d Cir.1989).

■ Nor is there a Sixth Amendment violation. The Sixth Amendment right "to be informed of the nature and cause of the accusation," U.S. Const. amend. VI, does apply to the states through the Fourteenth Amendment's due process clause. *Faretta v. California,* 422 U.S. 806, 818, 95 S.Ct. 2525, 2532–33, 45 L.Ed.2d 562 (1975). An indictment must "sufficiently appris[e] the defendant of what he must be prepared to meet." *Cochran v. United States,* 157 U.S. 286, 290, 15 S.Ct. 628, 630, 39 L.Ed. 704 (1895); *Russell v. United States,* 369 U.S. 749, 82 S.Ct. 1038, 8 L.Ed.2d 240 (1962). If the discrepancy between the wording of the indictment and the charge to the jury failed sufficiently to apprise petitioner of the accusation, and prejudiced his defense, petitioner might be entitled to relief. *See id.* at 763. However, there is no evidence that petitioner was not sufficiently apprised of the prosecution's theory of the crime. From the transcript it is clear that petitioner presented his case according to the court's and the statutory phrasing of the charge. (T. 229–30, 318–22).

Finally, petitioner was not deprived of the fundamental fairness that "due process" requires. The prosecution's evidence at trial showed that all three of the accomplices acted together to injure the victim. (T. 35–36, 341–47). The evidence provided no basis on which the jury could have found that fewer than all three of the accomplices had injured the victim. Therefore, the change in the language of the indictment in the court's charge could not have affected the verdict. Accordingly, habeas corpus relief is not available on this ground.

### B. Court's Denial of Jury Request to Have Testimony Read Back

■ Plaintiff's second argument is that the trial court improperly denied the jury's request to have testimony read back. The request was for the reading back of the testimony of petitioner, the victim, and a witness. (T. 417) The request was made five to ten minutes after the jury had been excused for deliberations. (T. 418) The court instructed the jury to deliberate further, and stated that if the jury still wanted to hear testimony after further deliberations, it would be read back. (T. 420)

The decision of whether to allow testimony to be read back to the jury is within the trial court's broad discretion. *E.g., United States v. Holmes,* 863 F.2d 4, 5 (2d Cir. 1988), *cert. denied,* —— U.S. ——, 110 S.Ct. 99, 107 L.Ed.2d 63 (1989). In the present case, the trial court's initial denial of the request was not a complete denial, but rather a postponement. In postponing the request, the court urged the jury "to make every effort to refresh one another's recollection." (T. 418) This attempt to spur the jury to search its memory and avoid unnecessary delay is a proper exercise of the trial court's discretion. *See United States v. Damsky,* 740 F.2d 134, 138 (2d Cir.1984), *cert. denied,* 469 U.S. 918, 105 S.Ct. 298, 83 L.Ed.2d 233 (1984).

### C. Ineffective Assistance of Counsel

■ Petitioner argues that he received ineffective assistance of trial counsel in violation of the Sixth Amendment because counsel failed to object either to the court's amendment of the indictment or to the court's denial of the jury's request for testimony. In order to prevail on this ground, petitioner must show (1) that counsel's performance was deficient, and (2) that but for

counsel's deficient performance, the outcome would have been different. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). An examination of the second prong of this test demonstrates that habeas corpus relief is not warranted in this case. *Id.* at 697, 104 S.Ct. at 2069–70 (court need not address counsel performance prong "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice.").

In order to meet the *Strickland* test, petitioner must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." 466 U.S. at 694, 104 S.Ct. at 2068. Petitioner does not make that showing here. As discussed above, the evidence before the jury provided no basis for a finding that only one or even two of the accomplices had injured the victim. The evidence required a finding of all or none. Thus counsel's failure to object could not have been the but for cause of the verdict.

With respect to counsel's failure to object to the court's denial of the readback, even if the court had directed the immediate reading of the testimony, there is no reason to believe that the verdict would have been different.

In sum, there is no reasonable probability that trial counsel's failure to object on either of these two grounds prejudiced the defense. Accordingly, petitioner's ineffective assistance of trial counsel claim also fails.

D. Ineffective Assistance of Appellate Counsel

Petitioner also claims ineffective assistance of appellate counsel because appellate counsel failed to raise on direct appeal the grounds of this habeas corpus petition. The *Strickland* test also applies to claims of ineffective appellate counsel. *Abdurrahmam v. Henderson,* 897 F.2d 71, 74 (2d Cir.1990). Therefore, petitioner must show that but for this failure of appellate counsel, the Appellate Division would not have affirmed the conviction.

*Strickland,* 466 U.S. at 687, 104 S.Ct. at 2064.

Appellate counsel could not appeal on the first two grounds because trial counsel had waived the right to appeal by not objecting at trial. N.Y.Crim.Proc.Law § 470.05 (McKinney 1982). For the reasons discussed above, an appeal based on trial counsel's ineffective assistance would not have succeeded.

Since appellate counsel's failure to raise these grounds did not affect the outcome of the appeal, petitioner's claim of ineffective assistance of appellate counsel must be rejected.

## CONCLUSION

For the foregoing reasons, this petition for habeas corpus relief is denied.

SO ORDERED.