26 F.3d 135
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee/Cross-Appellant,
v.
Edward Harry WEEKLEY, Defendant-Appellant/Cross-Appellee.
 Nos. 92-30174, 92-30187.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 2, 1994.
Decided May 18, 1994.
 
 Before: WRIGHT, SCHROEDER and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Weekley appeals his conviction for being a felon in possession of a firearm in violation of 18 U.S.C. Sec. 922(g)(1).[1] We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 
 
 3
 A. The court did not err when it instructed the jury to rely
 
 
 4
 on its independent recollection of trial
 
 
 5
 testimony.
 
 
 6
 Weekley argues that the court erred when prior to voir dire it instructed the jury that
 
 
 7
 we are without a court reporter so you will know that at the end of the case there's no transcript of the testimony handed to you, and there's not such transcript available even when the court reporter is here. You must rely upon your independent recollection of the testimony that's given.
 
 
 8
 Weekley did not object to this preliminary instruction. We review for plain error. United States v. Varela, 993 F.2d 686, 688 (9th Cir.), cert. denied, 114 S.Ct. 232 (1993).
 
 
 9
 The decision to allow testimony to be reread is committed to the sound discretion of the trial court, which has great latitude. United States v. Barker, 988 F.2d 77, 79 (9th Cir.1993) (affirming audiotape playback of testimony). Rereading is disfavored because it may place inappropriate emphasis on testimony and cause undue delay. Id. A decision not to reread testimony must be based "on [the] particular facts and circumstances of the case." United States v. Binder, 769 F.2d 595, 600 (9th Cir.1985) (reversing playback of videotape testimony). We have upheld a preliminary instruction that the jury would not be permitted to rehear testimony. United States v. Ratcliffe, 550 F.2d 431, 434 (9th Cir.1976) (judge sought to encourage the jury to pay attention).[2]
 
 
 10
 In context, the instruction was given to encourage the jury to pay close attention to the testimony, Ratcliffe, 550 F.2d at 434, and to avoid the difficulty of rereading testimony absent a court reporter. Barker, 988 F.2d at 79. It admonished the jury to "rely upon your independent recollection of the testimony that's given." There was no abuse of discretion or plain error. See United States v. Sanchez, 914 F.2d 1355, 1358 (9th Cir.1990), cert. denied, 499 U.S. 978 (1991) (plain error is found in exceptional circumstances that are highly prejudicial, involve substantial rights and create a high probability that the verdict was materially affected).
 
 
 11
 B. The court properly denied Weekley's motion to suppress.
 
 
 12
 Weekley questions the legality under Washington law of his initial arrest for driving with a revoked license, and the district court's refusal to suppress the resulting evidence. We review de novo the denial of a motion to suppress, and for clear error the supporting factual findings. United States v. Negrete-Gonzales, 966 F.2d 1277, 1282 (9th Cir.1992).
 
 
 13
 The court did not err. Washington authorizes custodial arrests for driving with a revoked license. RCW 10.31.100(3). Application of this statute has been affirmed by Washington courts, but not on constitutional grounds. State v. Quintero-Quintero, 808 P.2d 183, 185 (Wash.Ct.App.1991) (driving with revoked license); State v. Reding, 835 P.2d 1019, 1024 (Wash.Sup.Ct.1992) (reckless driving). And Weekley presents no legal argument that the arrest would be held invalid under the Washington Constitution.
 
 
 14
 C. The court did not err when it failed to give a
 
 
 15
 limiting instruction on the admission of other bad
 
 
 16
 acts evidence.
 
 
 17
 Weekley asserts that the district judge should have issued a limiting instruction that the evidence of the burglary could not be used to established guilt for his charged offense. But he failed to request that instruction. We review for plain error. Varela, 993 F.2d at 688.
 
 
 18
 The evidence of his role in the burglary was inextricably intertwined with the evidence that he possessed a firearm. It need not have been treated as extrinsic evidence under Fed.R.Evid. 404(b), United States v. Mundi, 892 F.2d 817, 820 (9th Cir.1989), cert. denied, 495 U.S. 1119 (1991), and no limiting instruction was required. United States v. Lester, 749 F.2d 1288, 1299 (9th Cir.1984). Moreover, the failure to sua sponte give an other acts limiting instruction is not reversible error. United States v. Multi-Management, Inc., 743 F.2d 1359, 1364 (9th Cir.1984). Nor could it be plain error.
 
 
 19
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The United States' cross-appeal is disposed of in a separate opinion
 
 
 [2]
 Weekley relies on United States v. Criollo, 962 F.2d 241, 244 (2d Cir.1992), which reversed a predeliberation instruction forbidding any readbacks. But Criollo conflicts with our affirmance of a preliminary no reread instruction, Ratcliffe, 550 F.2d at 434, and is premised on the Second Circuit's preference for allowing readbacks. Criollo, 962 F.2d at 244