21-799-pr
*Askew v. Police Officer Lindsay et al.,*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

**At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1ˢᵗ day of August, two thousand twenty-two.**

PRESENT:
> Rosemary S. Pooler,
> Myrna Pérez,
> > *Circuit Judges*,
> Jed S. Rakoff,
> > *District Judge.* *

---

Timothy A. Askew,

> *Plaintiff-Appellant*,

> v.                                                                                  No. 21-799-pr

Police Officer Lindsay, Police Officer Mota, Police Officer Youmans,

> *Defendants-Appellees.* **

---

---

> *Judge Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.
> **The Clerk of the Court is respectfully directed to amend the caption as set forth above.

FOR PLAINTIFF-APPELLANT:    ADAM R. MANDELSBERG, (William J. McCabe, Matthew Moffa, *on the brief*) Perkins Coie LLP, New York, NY.

FOR DEFENDANTS-APPELLEES:    RALPH L. PUGLIELLE, JR., Drake Loeb PLLC, New Windsor, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Paul E. Davison, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the February 25, 2021 judgment of the district court is **AFFIRMED.**

This case arises out of Plaintiff-Appellant Timothy Askew's suit against three Village of Monticello police officers ("Defendants") under 42 U.S.C. § 1983 for false arrest and use of excessive force at his home on September 4, 2014. Following a jury verdict in favor of the Defendants, the district court entered a judgment dismissing Askew's complaint on February 25, 2021. On appeal, Askew raises three issues: whether (1) the district court erred in excluding former testimony from an eyewitness in Askew's home under the Federal Rules of Evidence ("the Rules"); (2) the district court erred in responding to a readback request from the jurors; and (3) the Southern District of New York's jury selection process denied Askew a jury from a fair cross-section of the community in violation of the Jury Selection and Service Act, 28 U.S.C. § 1861, *et seq*. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm.

**I.    Exclusion of Former Testimony**

On September 4, 2014, Defendants dispatched to Askew's home to respond to a physical domestic incident involving a man and a woman reported through 911. Thereafter, Defendants arrested Askew in an incident witnessed by Sandra Benjamin, Askew's then-girlfriend and the sole

2

non-party eyewitness to the events that form the basis of this civil action. Eight days after Askew's arrest, Benjamin testified about the incident under oath at a preliminary hearing in the Village of Monticello Justice Court.

In the district court, Askew moved to introduce the transcript of Benjamin's preliminary hearing testimony under Federal Rule of Evidence 804(b)(1) ("Rule 804(b)(1)"), the former testimony exception to the rule against hearsay or, in the alternative, under Federal Rule of Evidence 807 ("Rule 807"), the "residual exception" to the rule against hearsay. The district court declined to admit the testimony under both rules. We review the district court's evidentiary ruling for abuse of discretion, *Warren v. Pataki*, 823 F.3d 125, 137 (2d Cir. 2016), and, accordingly, "give district court judges wide latitude in determining whether evidence is admissible at trial," *Meloff v. N.Y. Life Ins. Co.*, 240 F.3d 138, 148 (2d Cir. 2001) (internal quotation marks omitted). "To find such an abuse, we must be persuaded that the trial judge acted in an arbitrary and irrational fashion." *Tesser v. Bd. of Educ.*, 370 F.3d 314, 318 (2d Cir. 2004). For the reasons stated below, we find no abuse of discretion.

### A. Rule 804(b)(1)

Ordinarily, "[t]estimony of a nonparty witness that was given at a prior hearing is, when offered for its truth, hearsay." *Patterson v. County of Oneida*, 375 F.3d 206, 219–20 (2d Cir. 2004). However, Rule 804(b)(1) exempts from the hearsay rule certain former testimony given by an unavailable witness:

> (b) The Exceptions. The following are not excluded by the rule against hearsay if the declarant is unavailable as a witness:
>
> (1) Former Testimony. Testimony that:
>
> (A) was given as a witness at a trial, hearing, or lawful deposition, whether given

3

during the current proceeding or a different one; and

(B) is now offered against a party who had—or, in a civil case, whose predecessor in interest had—an opportunity and similar motive to develop it by direct, cross-, or redirect examination.

Fed. R. Evid. 804(b)(1).

The district court excluded Benjamin's preliminary hearing testimony under Rule 804(b)(1) after concluding that there was no legal "authority for the proposition that a District Attorney conducting a criminal prosecution [can] serve[] as a predecessor-in-interest to police officers who are subsequently sued in a matter like this." App'x 48–49. As the district court recognized, this Court has not yet defined who qualifies as a "predecessor in interest" under Rule 804(b)(1)(B). We need not do so today, however, because the district court properly excluded Benjamin's prior testimony under Rule 804(b)(1) for a more basic reason: Askew did not demonstrate Benjamin's unavailability to testify in the civil case. *See Freedom Holdings, Inc. v. Cuomo*, 624 F.3d 38, 49 (2d Cir. 2010) ("We may affirm the district court's decision on any ground appearing in the record.").

The former testimony exception applies only if "the declarant is unavailable as a witness." Fed. R. Evid. 804(b). "A declarant is considered to be unavailable as a witness if," as relevant here, she "is absent from the trial or hearing and the statement's proponent has not been able, by process or other reasonable means, to procure [her] attendance." Fed. R. Evid. 804(a)(5). The combined efforts of Askew and his counsel to procure Benjamin's attendance amounted to sending two unanswered messages to Facebook accounts with the name "Sandra Benjamin," calling a disconnected phone number that had been associated with Benjamin's daughter years earlier, and calling six telephone numbers—five of which were disconnected and one of which was a wrong

4

number—found using the White Pages. These efforts, none of which succeeded in reaching Benjamin, are insufficient to establish Benjamin's unavailability. Askew did not call Benjamin at the phone number she had used during their relationship. He did not hire a process server to serve a trial subpoena on Benjamin at her last known address. Nor did he take the basic step of seeking court intervention to procure Benjamin's attendance. There is no reason to believe any of these standard methods of producing a witness would have been ineffective. *Cf. United States v. Losada*, 674 F.2d 167, 172 (2d Cir. 1982) (holding that the burden of showing unavailability met where witness, a "Colombian citizen living in Colombia," was "not subject to compulsory process," and the government was unable to obtain his attendance by voluntary request). Accordingly, because Askew did not demonstrate his inability, "by process or other reasonable means, to procure [Benjamin's] attendance," Fed. R. Evid. 804(a)(5), he cannot invoke Rule 804(b)(1) to introduce her former testimony, and the district court did not abuse its discretion in excluding it on this basis.

## B. **Rule 807**

A hearsay statement may be admissible under Rule 807 if: "(i) it is particularly trustworthy; (ii) it bears on a material fact; (iii) it is the most probative evidence addressing that fact; (iv) its admission is consistent with the rules of evidence and advances the interests of justice; and (v) its proffer follows adequate notice to the adverse party." *United States v. Morgan*, 385 F.3d 196, 208 (2d Cir. 2004). The district court declined to admit Benjamin's testimony under the first prong finding it not "reliable" principally because it was made by a "domestic partner" or "temporary co-habitant of the criminal defendant." App'x 41–42, 48–49. This was not an abuse of discretion.

5

Courts have considered a romantic relationship between a declarant and a party a relevant factor in assessing the declarant's trustworthiness. *See, e.g.*, *United States v. Zapata*, 356 F. Supp. 2d 323, 326 (S.D.N.Y. 2005) (finding statement not trustworthy because declarant was motivated "to protect" person "he was romantically involved with"); *cf. Morgan*, 385 F.3d at 209 (admitting romantic partner's testimony under Rule 807, in part, because "[declarant] had no reason to expect that [statement] would ever find its way into the hands of the police; she did not write it to curry favor with them or with anyone else"). Moreover, at the time of her testimony, Benjamin had a pending misdemeanor charge related to Askew's arrest incident, which suggests she had a self-interest in offering testimony unfavorable to the arresting officers and consistent with Askew's testimony. *Cf. United States v. Matthews*, 20 F.3d 538, 546 (2d Cir. 1994) (finding a statement trustworthy, in part, because it "d[id] not reflect any attempt by [declarant] to minimize his own culpability"). Finally, Benjamin's testimony was not corroborated by the 911 call. While the call reported a "male beating a female" outside Askew's apartment on the day of the incident, Appellees' App'x 2, Benjamin testified that there was no "argument," "physical altercation," or "fight" between herself and Askew, App'x 22.51–22.52. *See* Fed. R. Evid. 807(a)(1) (providing that courts are to consider "the totality of circumstances under which [the statement] was made and *evidence, if any, corroborating the statement*" (emphasis added)).[1]

---

[1]Askew argues that the 911 call cannot justify the district court's exclusion of Benjamin's testimony under Rule 807 because it is inadmissible hearsay. However, a trial court conducting an in limine hearing is not bound by the Rules and may consider inadmissible evidence in making its determinations. Fed. R. Evid. 104(a) ("The court must decide any preliminary question about whether a witness is qualified, a privilege exists, *or evidence is admissible.* In so deciding, *the court is not bound by evidence rules*, except those on privilege." (emphasis added)); *see, e.g.*, *United States v. Yousef*, 327 F.3d 56, 145 (2d Cir. 2003).

## II.     The Readback Request

Because Askew failed to raise any objection to the district court's response to the jurors' readback request at trial, plain error review applies. *See, e.g., United States v. Grant*, 52 F.3d 448, 449 (2d Cir. 1995).   This Court has expressed a "preference for honoring a jury's request for readbacks when made by a deliberating jury." *See United States v. Young*, 140 F.3d 453, 456 (2d Cir. 1998) (citing *United States v. Criollo*, 962 F.2d 241, 243–44 (2d Cir. 1992)).   We have held that "trial judges should bear several considerations in mind" when responding to a jury's readback request, including: "[1] the jurors' need to review the material before reaching a verdict, assessed against the difficulty in locating the specific material requested, [2] the possibility of undue emphasis on any portion of the record, and [3] the possibility of undue delay in the trial." *Id.* (citing *United States v. Escotto*, 121 F.3d 81, 84 (2d Cir. 1997); *Criollo*, 962 F.2d at 243).

During their deliberations, the jurors requested a readback of Askew's trial testimony "starting when [the officers] arrived." App'x 645–46.   The parties disagreed about how to interpret this request.   This led the district court to ask the jurors for clarification so that the court could locate relevant testimony and avoid undue delay.   When addressing the jurors, the district court made clear their request would be honored in any form: "[t]o be clear, we can read the entire transcript to you, if that's what you want, but if you want testimony that can be associated with some narrower period or time or something like that, that would help us in finding what it is that you want." *Id.* at 646.   Thereafter, the jurors informed the court that they no longer "want[ed] the readback of Mr. Askew's testimony." *Id.* at 648–49.   It is not error for a court, as here, to consider the "jurors' need to review the evidence," "the difficulty in locating the testimony to be read back," and "the possibility of undue delay," when responding to a readback request. *Escotto*,

121 F.3d at 84.

Therefore, the district court did not err—much less plainly err—when it responded to the jurors' readback request.

**III.    Jury Selection**

Askew's fair cross-section claim fails because he did not comply with the procedural requirements of the Jury Selection and Service Act ("JSSA").   Under the JSSA, a district court's jury selection plan must ensure jurors are selected "from *a fair cross section of the community* in the district or division wherein the court convenes."   *See* 28 U.S.C. §§ 1861, 1863(a) (emphasis added).   To challenge a district court's compliance with these provisions, a civil litigant must "move to stay the proceedings on the ground of substantial failure to comply with the [JSSA]" and file it "before the voir dire examination begins, or within seven days after the [litigant] discovered or could have discovered, by the exercise of diligence, the grounds therefor, whichever is earlier." *Id*. § 1867(c).   The motion must contain a "sworn statement of facts which, if true, would constitute [such] a substantial failure."   *Id*. § 1867(d).   This procedure is the "exclusive means" by which a civil litigant may challenge a jury for failing to conform with the JSSA.   *Id*. § 1867(e). Askew made no such motion at any stage in the trial proceedings and raises this issue for the first time on appeal.   Because Askew failed to comply with these procedures, his JSSA claim is barred. *See United States v. Young,* 822 F.2d 1234, 1239 (2d Cir. 1987) (concluding that defendants' failure to timely object under JSSA "bar[red] them from statutory relief"); *see also United States v. Jones*, 480 F.2d 1135, 1139 (2d Cir. 1973) (concluding that compliance with section 1867(e) "is necessary to question the validity of a plan adopted and approved pursuant to the [JSSA]").

We have considered the remainder of Askew's arguments and conclude they are without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court