UNITED STATES of America,
Plaintiff-Appellee,

v.

Dewayne Lee RATCLIFFE,
Defendant-Appellant.

UNITED STATES of America,
Plaintiff-Appellee,

v.

Everette Frederick RATCLIFFE,
Defendant-Appellant.

Nos. 75-3222, 76-1244.

United States Court of Appeals,
Ninth Circuit.

Dec. 16, 1976.

Revised Jan. 21, 1977.

Rehearing and Rehearing En Banc
Denied March 9, 1977.

Arthur Mabry (argued), Los Angeles, Cal., for defendant-appellant, in No. 75–3222.

Jerald W. Newton (argued), of Newton, Re & Russell, Beverly Hills, Cal., for defendant-appellant.

Darrell W. Mac Intyre, Asst. U.S. Atty. (argued), Los Angeles, Cal., for plaintiff-appellee.

Before BROWNING and KENNEDY, Circuit Judges, and PALMIERI,* District Judge.

PER CURIAM:

Everette Frederick Ratcliffe ("Everette") and Dewayne Lee Ratcliffe ("Dewayne") were convicted after a jury trial of conspiracy to import marijuana, importation of marijuana, and possession of marijuana with intent to distribute. 21 U.S.C. §§ 963, 952(a), and 841(a)(1). Each defendant was sentenced to a five year prison term on each count, the sentences to run concurrently.

Construed in the light most favorable to the Government, *Glasser v. United States,*

---

* Honorable Edmund L. Palmieri, Senior United States District Judge, Southern District of New York, sitting by designation.

315 U.S. 60, 80, 62 S.Ct. 456, 86 L.Ed. 680 (1942); *United States v. Lincoln,* 494 F.2d 833 (9th Cir. 1974), the evidence adduced at trial established that the two Ratcliffes and certain other persons were involved in smuggling marijuana from Mexico in March of 1975. The record reveals that Norton Wisdom employed William Meyers, a grading and paving contractor, to construct an airstrip on land leased by Wisdom, agreeing to pay him for the work he performed and an additional $2,500 per week for the two or three months following completion. Meyers related this information to the police and thereafter was in almost daily contact with them. Meyers constructed the airstrip as Wisdom directed, making certain changes suggested by the other defendants. In a conversation which Meyers tape-recorded by means of a concealed microphone provided by the police, Wisdom informed Meyers that the other defendants intended to use the airstrip to fly in marijuana from Mexico.

The evidence further established that on March 27, 1975, Everette drove Dewayne and co-defendant Michael Hannifin to the Palm Springs Airport from which Dewayne and Hannifin flew to Mexico, picked up a load of marijuana and returned to the airstrip Meyers constructed. On their return, Everette met the plane and assisted in unloading it until police moved in and arrested Dewayne and Hannifin as they ran from the plane. Everette was arrested in the olive grove adjacent to the airstrip approximately 75 feet from the pick-up truck which had been used to unload the plane and which contained some of the imported marijuana.

At the close of the Government's case, Wisdom was acquitted by the court. During the course of the trial, many statements by Wisdom concerning the construction of the airstrip and the plan to use it for importing marijuana were admitted through Meyers as statements by a co-conspirator made in furtherance of the alleged conspiracy between Wisdom, the two Ratcliffes, and others. When Wisdom was acquitted on the conspiracy count these state-ments became inadmissible against the other defendants. The two Ratcliffes now argue that these statements were highly prejudicial and that their admission violated their Sixth Amendment right to confront and cross-examine witnesses called against them. The trial judge instructed the jury not to consider Wisdom's extra-judicial statements in determining the defendants' guilt, but it is highly unlikely that the jury could be relied upon to follow such an instruction.

While the defendants argue that this inadmissible evidence tainted their convictions on all counts, the record reveals that there was ample evidence independent of Wisdom's hearsay statements to substantiate the importation and possession counts. Accordingly, under this Circuit's concurrent sentence rule, *Hirabayashi v. United States,* 320 U.S. 81, 105, 63 S.Ct. 1375, 87 L.Ed. 1774 (1943); *United States v. Moore,* 452 F.2d 576, 577 (9th Cir. 1971), since we find the defendants' convictions on the substantive counts to be valid we need not consider the defendants' challenges to the conspiracy convictions.

### The Sufficiency of the Evidence

The defendants assert three errors with respect to their convictions on the importation and possession counts. First, they contend that the evidence adduced at trial was insufficient to sustain their convictions. We disagree. The record clearly establishes that Dewayne, under continual surveillance, piloted an aircraft from California to Mexico, landed in Mexico to pick up a load of marijuana, flew back to California, landed on a private airstrip constructed for the purpose of assisting the defendants in their smuggling operation, and was arrested while in the process of unloading the marijuana from the airplane. The record establishes that Everette purchased under a false name the airplane used in the smuggling operation, drove Dewayne and co-defendant Hannifin to the Palm Springs Airport on the day they left for Mexico, waited for their return at the airstrip in a pick-up truck, and assisted in unloading the marijuana from the airplane.

Everette asserts that the identification testimony which placed him on the airstrip at the time the airplane landed was unclear, contradictory, and consequently insufficient. The testimony of the agents conducting surveillance of the airstrip, however, though conflicting in certain minor respects, was sufficient under the surrounding circumstances to establish that Everette was on the airstrip when the airplane landed and assisted in unloading the illegal cargo. Moreover, while mere proximity to illegal drugs, mere presence on the property where they are located, or mere association, without more, with persons who do control them is insufficient to support a finding of possession, *Arellanes v. United States*, 302 F.2d 603 (9th Cir.), *cert. denied,* 371 U.S. 930, 83 S.Ct. 294, 9 L.Ed.2d 238 (1962), such proximity, presence, or association is sufficient when accompanied, as it was here, with testimony connecting the defendant with the incriminating surrounding circumstances. Cf., *United States v. Morando-Alvarez,* 520 F.2d 882, 884–85 (9th Cir. 1975).

### Rehearing of Testimony

■ The defendants also argue that they were denied a fair trial by the trial judge's informing the jury in his opening remarks that he would not permit them to rehear testimony. The court explained its action later as being an inducement to the jurors to pay close attention at trial. While this court declines to subscribe to the wisdom of such a policy in all situations, such matters are left to the sound discretion of the district court. *United States v. DePalma,* 414 F.2d 394, 396–97 (9th Cir. 1969), *cert. denied,* 396 U.S. 1046, 90 S.Ct. 697, 24 L.Ed.2d 690 (1970). The district judge here did not abuse the wide discretion granted him in this regard.

### Entrapment

■ Finally, the defendants assert that their right to counsel was infringed by the district court's refusal to permit them to argue an entrapment theory to the jury and that they were denied a fair trial by the court's refusal to submit their asserted entrapment theory to the jury. The entrapment theory is premised on the contention that the Government, by instructing Meyers to proceed with construction of the airstrip knowing its intended illegal use, induced the defendants to commit a crime which without the Government's involvement they would have been unable to commit.

The Government's involvement in the defendants' criminal activity can in no way be construed as an "inducement." At most the evidence establishes that the government agents passively acceded to the defendants' criminal activities, affording them an opportunity to carry out their smuggling operation. Mere assistance by government agents in the commission of a crime, however, is insufficient to raise the issue of entrapment. *United States v. Payseur,* 501 F.2d 966, 971 (9th Cir. 1974). While only "slight testimony" of inducement or persuasion is needed to allow the issue of entrapment to go to the jury, *United States v. Christopher,* 488 F.2d 849, 850–51 (9th Cir. 1973), the defendants have failed to establish any such evidence. The record does not reveal any suggestion that the defendants were unwilling to commit the crimes or that the Government's involvement planted the criminal design in their minds. Since the issue of entrapment was not proper for the jury's consideration, the district court's ruling that the defendants could not argue entrapment to the jury was entirely appropriate.

Accordingly, the defendants' convictions are affirmed.