9 F.3d 1544
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ray CREWS, Defendant-Appellant.
 No. 93-5206.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: October 18, 1993.
Decided: November 16, 1993.
 
 Appeal from the United States District Court for the District of South Carolina, at Charleston.
 Kenneth C. Krawcheck, Charleston, South Carolina, for Appellant.
 J. Preston Strom, Jr., United States Attorney, A. Peter Shahid, Jr., Assistant United States Attorney, Joseph P. Griffith, Jr., Assistant United States Attorney, Charleston, South Carolina, for Appellee.
 D.S.C.
 AFFIRMED.
 Before PHILLIPS, MURNAGHAN, and WILKINS, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Ray Crews appeals his conviction for possession of an unregistered firearm. Finding no merit to the issues raised on appeal, we affirm.
 
 
 2
 * At approximately 10:30 p.m. on August 14, 1990, four sheriff's deputies in Dorchester County, South Carolina, stopped a car which Ray Crews was driving and in which his brother, Charles, was a passenger. As they initiated the stop, the deputies noticed a good bit of movement inside the car. As two deputies approached the passenger side of the car, they illuminated the car's interior with their flashlights. They saw a bulge in the floor mat on the passenger side and the butt of a gun protruding from under the mat near the transmission hump.
 
 
 3
 Officers ordered the Crews brothers out of the car and retrieved from under the floor mat a sawed-off shotgun whose barrel was roughly ten inches long. The gun was approximately seventeen inches long, and its stock had been modified to a pistol grip. An ATF agent testified that such a firearm was required by law to be registered but that this particular weapon was not registered. The agent also testified that it was easy to reach the passenger's floor mat from the driver's seat.
 
 
 4
 A jury convicted Crews of possession of an unregistered firearm. He received a twenty-one month sentence. Crews timely appealed.
 
 II
 
 5
 Crews claims first that there was technical noncompliance with Fed. R. Crim. P. 4 and 9. Assuming that there were deficiencies in the manner in which authorities attempted to serve the summons and in the bench warrant which was issued when Crews failed to appear at his arraignment, these deficiencies do not warrant the relief sought. The law is clear that defects in the procedure through which a defendant is brought to court do not void his subsequent conviction. See United States v. Crews, 445 U.S. 463, 474 (1980); Gerstein v. Pugh, 420 U.S. 103, 119 (1975); United States v. Manbeck, 744 F.2d 360, 381 (4th Cir. 1984), cert. denied, 469 U.S. 1217 (1985).
 
 III
 
 6
 Crews next claims that the evidence was insufficient to establish that he possessed the firearm. To sustain a conviction under 26 U.S.C.A. § 5861 (West 1989), possession may be actual or constructive. United States v. Jenkins, 981 F.2d 1281, 1283 (D.C. Cir. 1992). " '[T]o establish constructive possession, the government must produce evidence showing ownership, dominion, or control over the contraband itself or the premises or vehicle in which the contraband is concealed.' " United States v. Blue, 957 F.2d 106, 107 (4th Cir. 1992) (quoting United States v. Ferg, 504 F.2d 914, 916-17 (5th Cir. 1974) (alteration in original)).
 
 
 7
 In the subject case, the evidence was sufficient under Glasser v. United States, 315 U.S. 60, 80 (1942), to sustain the conviction. Crews was the driver of the car; as such, he clearly had dominion and control over the vehicle. Further, the shotgun, which was not properly registered, was well within his reach, its grip was pointing toward him, and the shotgun protruded from under the passenger floor mat. These facts are sufficient to establish constructive possession under the applicable case law.
 
 IV
 
 8
 Finally, we find no deficiency in the court's instruction on constructive possession. The instruction, taken as a whole, fairly stated the law of constructive possession in this Circuit. See United States v. Cobb, 905 F.2d 784, 788-89 (4th Cir. 1990), cert. denied, 498 U.S. 1049 (1991).
 
 V
 
 9
 We accordingly affirm the conviction. As our review of the materials before us reveals that it would not significantly aid the decisional process, we dispense with oral argument.
 
 AFFIRMED