21 F.3d 1122
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Gloria NAVARRO, Defendant-Appellant.
 No. 93-2208.
 United States Court of Appeals, Tenth Circuit.
 April 15, 1994.
 
 Before TACHA, BRORBY, and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. Therefore, the case is ordered submitted without oral argument.
 
 
 2
 The Defendant-Appellant, Gloria Navarro ("Navarro"), was convicted of conspiracy to possess in excess of 100 kilograms of marijuana with intent to distribute, in violation of 21 U.S.C. 846; and possession with intent to distribute in excess of 100 kilograms of marijuana, in violation of 21 U.S.C. 841(a)(1) & (b)(1)(B). The sole issue in this direct criminal appeal is whether the government presented sufficient evidence at trial to support Navarro's conviction on these two counts. Because we conclude that the trial record contains ample evidence for a reasonable jury to determine beyond a reasonable doubt that Navarro participated in the conspiracy and possessed the marijuana with intent to distribute it, we affirm.
 
 
 3
 Navarro's arrest and ultimate conviction arose from a roving U.S. Border Patrol stop along New Mexico's Highway 185, a notorious thoroughfare for narcotics and alien smuggling because it circumvents fixed checkpoints along Interstate 25. A U.S. Border Patrol agent observed a Cadillac and blue van--both bearing Texas license plates and the latter riding low to the ground--travelling northbound and in tandem on the evening of January 10, 1993. As the Border Patrol agent approached the vehicles in his marked Border Patrol car, the Cadillac increased its speed while the van slowed down. The agent opted to follow the van, rather than the Cadillac. Not far up the road, the agent discovered the Cadillac parked with its headlights off.
 
 
 4
 When the agent and the van drove passed the Cadillac, the Cadillac promptly turned its headlights back on and proceeded once again to travel with the van. With the assistance of a second Border Patrol agent, the agent stopped both the van and the Cadillac, discovering in excess of 192 kilograms of marijuana in the van and a pager with a telephone registered to Jose Loya. Navarro, in whose name the Cadillac was registered, was riding as a passenger in the Cadillac. When the agents seized a cellular phone, a pager, and an address book from her purse, they discovered that the telephone number for the pager located in the van was listed in Navarro's address book. In her conflicting stories to the agents, Navarro initially denied any affiliation with the van occupants but subsequently confessed that her address book listed the telephone number for the pager owned by a passenger in the van. The agents' investigation later revealed that sixty-seven calls had been placed from Navarro's home, and forty-three calls had been placed from the cellular phone found in Navarro's purse, to the owner of the van. Additional evidence offered at trial both reinforced Navarro's connection to the van and its occupants and cast doubt on the credibility of her alibi.
 
 
 5
 We have explained that "evidence--both direct and circumstantial, together with the reasonable inferences to be drawn therefrom--is sufficient if, when taken in the light most favorable to the government, a reasonable jury could find the defendant guilty beyond a reasonable doubt." United States v. Hager, 969 F.2d 883, 887 (10th Cir.) (quoting United States v. Hooks, 780 F.2d 1526, 1531 (10th Cir.), cert. denied, 475 U.S. 1128 (1986)), cert. denied, 113 S.Ct. 437 (1992). Contrary to Navarro's protestations, "while the evidence supporting the conviction must be substantial' and do more than raise a mere suspicion of guilt' ... it need not conclusively exclude every other reasonable hypothesis and it need not negate all possibilities except guilt.' " United States v. Richard, 969 F.2d 849, 856 (10th Cir.) (quoting United States v. Alonso, 790 F.2d 1489, 1493 (10th Cir.1986)), cert. denied, 113 S.Ct. 248 (1992).
 
 
 6
 With respect to the conspiracy count, the government must prove that Navarro participated in "an agreement to violate the law." United States v. Savaiano, 843 F.2d 1280, 1293 (10th Cir.1988) (quoting United States v. Andrews, 585 F.2d 961, 964 (10th Cir.1978)). To this end, the government "need only establish the existence of a conspiracy and that a defendant knowingly contributed [her] efforts in furtherance thereof." Id. Moreover, "the common plan or purpose may be inferred from a combination of circumstances." Id. As we chronicled above, the government offered ample evidence to prove Navarro's participation in a conspiracy to possess and distribute in excess of 100 kilograms of marijuana. Navarro's attempt to undermine the government's evidence by referring to her trial testimony in which she denied any link to the conspiracy is unavailing because, "[a]s an appellate court, we are bound by the rule that the resolution of conflicting evidence and the assessment of the credibility of witnesses [are] within the sole discretion of the jury as the trier of fact." United States v. Espinosa, 771 F.2d 1382, 1391 (10th Cir.), cert. denied, 474 U.S. 1023 (1985). Accordingly, we affirm her conviction on the conspiracy count.
 
 
 7
 Turning next to the possession with intent to distribute count, the government must prove that Navarro actually or constructively possessed the marijuana discovered in the van. United States v. Hanif, 1 F.3d 998, 1003 (10th Cir.), cert. denied, 114 S.Ct. 573 (1993). An individual constructively possesses narcotics when he enjoys "an appreciable ability to guide the destiny of the drug." United States v. Culpepper, 834 F.2d 879, 881 (10th Cir.1987) (quoting United States v. Massey, 687 F.2d 1348, 1354 (10th Cir.1982)). Navarro correctly states that mere proximity to illegal drugs or mere association with persons who control them, without more, is insufficient to support a finding of possession. Espinosa, 771 F.2d at 1397. However, "such proximity, presence or association is sufficient when accompanied ... with testimony connecting the defendant with the incriminating surrounding circumstances." Id. (quoting United States v. Ratcliffe, 550 F.2d 431, 434 (9th Cir.1977)). Individuals "engaged in a joint undertaking relative to the marijuana may' be found to be in constructive possession of the contraband." Id. (quoting United States v. Strickland, 534 F.2d 1386, 1390-91 (10th Cir.), cert. denied, 429 U.S. 831 (1976)). Again, we conclude that the government's evidence supported the inference that Navarro, as a participant in the conspiracy to possess and distribute the marijuana, was knowingly in a position to exercise control over the contraband. Therefore, we affirm her conviction on the possession with intent to distribute count.
 
 
 8
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470