36 F.3d 1095
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
William Wayne ROARK, Defendant-Appellant.
 No. 93-5915.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 21, 1994.
Decided Sept. 22, 1994.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. W. Earl Britt, District Judge. (CR-93-134)
 David B. Freedman, White & Crumpler, Winston-Salem, NC, for appellant.
 Walter C. Holton, Jr., U.S. Atty., Michael F. Joseph, Asst. U.S. Atty., Greensboro, NC, for appellee.
 M.D.N.C.
 AFFIRMED.
 Before WILKINSON and WILKINS, Circuit Judges, and PHILLIPS, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 A jury convicted William Wayne Roark of possession by a felon of an unregistered, sawed-off, .20-gauge shotgun in violation of 18 U.S.C.A. Secs. 922(g)(1), 924(e)(1) (West 1976 & Supp.1994) and 26 U.S.C.A. Secs. 5861(d), 5871 (West 1989). He now appeals and argues that the district court erred in denying his Fed.R.Crim.P. 29 motion for judgment of acquittal. We disagree and affirm.
 
 
 2
 We review a denial of a motion for acquittal under a sufficiency of evidence standard. Fed.R.Crim.P. 29; see United States v. Brooks, 957 F.2d 1138, 1147 (4th Cir.), cert. denied, 60 U.S.L.W. 3879 (U.S.1992). "To sustain a conviction the evidence, when viewed in the light most favorable to the government, must be sufficient for a rational trier of fact to have found the essential elements of the crime beyond a reasonable doubt." United States v. Brewer, 1F.3d 1430, 1437 (4th Cir.1993); see Jackson v. Virginia, 443 U.S. 307, 319 (1979). We do not weigh evidence or review credibility of witnesses in resolving issues of substantial evidence. United States v. Saunders, 886 F.2d 56, 60 (4th Cir.1989).
 
 
 3
 One count of the indictment charged possession by a felon of a firearm. The essential elements of this crime are proof of the defendant's status as a felon who is prohibited from possessing the firearm, the transportation of the firearm in interstate commerce, and the defendant's actual or constructive possession of the firearm. United States v. Jones, 945 F.2d 747, 749 (4th Cir.1991); United States v. Essick, 935 F.2d 28, 29-31 (4th Cir.1991). The second count of the indictment charged possession of an unregistered firearm. Constructive possession of an unregistered firearm is sufficient to convict under Sec. 5861(d).[1] United States v. Jenkins, 981 F.2d 1281, 1283 (D.C. Cir.1992). Roark stipulated that (i) he was a convicted felon, (ii) his civil rights had not been restored, (iii) the gun travelled in interstate commerce, and (iv) the gun was not registered. The only issue on appeal is whether Roark possessed the shotgun.
 
 
 4
 Possession may be actual or constructive. Constructive possession may be established by circumstantial or direct evidence and exists when the Government shows ownership, dominion, or control over the item, United States v. Nelson, 6 F.3d 1049, 1053 (4th Cir.1993), cert. denied, 62 U.S.L.W. 3792 (U.S.1994), and knowledge of its presence. United States v. Bell, 954 F.2d 232, 235 (4th Cir.1992).
 
 
 5
 Officer Charles Davis and Ronnie Tuttle testified that they each saw Roark holding a sawed-off shotgun when Officer Davis drove his patrol car into the alley behind Tuttle's hair salon.[2] When Officer Davis arrived, Roark turned and ran into the woods adjacent to the alley. Two other individuals seen in the alley with Roark were arrested a short time later. Testimony disclosed that Roark must have had possession of the shotgun because Officer Davis and Sergeant Cox did not find the shotgun immediately after Roark ran into the woods but found it after officers arrested the two other individuals from the alley. Roark claims that those individuals could have possessed the shotgun. However, circumstantial evidence need not exclude every reasonable hypothesis of innocence. United States v. Jackson, 863 F.2d 1168, 1173 (4th Cir.1989). Because the shotgun had no usable fingerprints for identification, Roark was not excluded from having possessed the shotgun. Finally, Roark suggests that Officer Davis contrived his testimony, but we do not review a jury's credibility determination on appeal. See Saunders, 886 F.2d at 60. Viewing the evidence in the light most favorable to the Government, we find, therefore, that Roark possessed the shotgun.
 
 
 6
 Accordingly, we affirm Roark's convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 7
 AFFIRMED.
 
 
 
 [1]
 Section 5861(d) provides that "[i]t shall be unlawful for any person to receive or possess a firearm which is not registered to him in the National Firearms Registration and Transfer Record." 26 U.S.C.A. Sec. 5861(d)
 
 
 [2]
 Because there was testimony linking Roark with the shotgun, we find his reliance upon United States v. Blue, 957 F.2d 106 (4th Cir.1992), to be misplaced