125 F.3d 859
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Anthony Dion COLLINS, Defendant-Appellant.
 No. 96-10518.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 22, 1997.*
Decided Sept. 24, 1997.
 
 Appeal from the United States District Court for the District of Nevada, No. CR-95-00216-LDG(RJJ); Lloyd D. George, Chief Judge, Presiding.
 Before: HALL, BRUNETTI, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Anthony Dion Collins appeals his jury conviction for possession of cocaine base with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). Collins contends that his counsel was ineffective and that the evidence was insufficient to support his conviction. We have jurisdiction pursuant to 28 U.S.C. § 1291, and affirm.
 
 
 3
 First, Collins contends that his counsel was ineffective because he failed to challenge (1) the police officers' entry into his motel room and (2) the adequacy of the Miranda warning Collins received. We decline to address this claim, as it is more properly addressed in a 28 U.S.C. § 2255 proceeding where the relevant facts concerning counsel's representation can be developed. See United States v. Henson, Nos. 94-50574, 94-50575, slip op. 10319, 10350-51 (9th Cir. Aug. 21, 1997).
 
 
 4
 Collins also challenges the sufficiency of the evidence, contending that the government failed to prove that he possessed the drugs. This contention lacks merit.
 
 
 5
 "The evidence is sufficient to support a conviction as long as, viewing the evidence in the light most favorable to the government, a rational jury could have found the defendant[ ] guilty beyond a reasonable doubt of each element of the crime." United States v. Hegwood, 977 F.2d 492, 497 (9th Cir.1992). To sustain a conviction for possession of cocaine with intent to distribute, "there must be sufficient evidence to show that the defendant had either actual or constructive possession of the cocaine." See United States v. Earl, 27 F.3d 423, 424 (9th Cir.1994) (per curiam). "Constructive possession has generally been defined as knowingly having both the power and intention at a given time to exercise dominion or control over the property." Id. at 424-25. Mere proximity to the contraband, presence on the property where it is found, or association with the person or persons having control of it is not sufficient to establish constructive possession, unless it is accompanied by testimony connecting the defendant to the incriminating surrounding circumstances. See United States v. Ratcliffe, 550 F.2d 431, 434 (9th Cir.1977) (per curiam).
 
 
 6
 Here, a confidential informant ("CI") testified that after being arrested for selling drugs to an undercover officer, he agreed to cooperate with the officer in exchange for a promise not to prosecute him. The CI stated that he then arranged to buy a quarter kilogram of cocaine base from Collins, who directed him to room 909 at the Quality Inn motel. The CI admitted that he was a convicted felon and that he had "set other people up." Two police officers testified that they saw Collins--who was carrying luggage--unlock room 909 and enter the room, accompanied by Tonie Ticey. Officers also testified that they observed several people enter room 909 and exit a few minutes later. Eventually, the police entered the room and discovered five people inside. They also found bags containing cocaine base lying on the floor and on the bar near Collins and two of the others, and in a trash can near Collins. Collins was clad in only his underwear; the other four individuals were fully clothed.
 
 
 7
 Detective Robison testified that Collins had admitted the drugs were his, and that Collins had told him that two men had delivered the drugs to him at the motel earlier that evening. Robison also testified that Ticey had told him that she and Collins had conducted a number of drug transactions earlier in the day. In opposition, Collins denied that he agreed to sell drugs to the CI, and testified that the drugs were not his. Collins, Ticey, and two of the three other individuals testified that the cocaine base belonged to the fifth person present in the room.
 
 
 8
 Based on this evidence, the jury could infer that Collins exercised dominion and control over the motel room. See United States v. Medrano, 5 F.3d 1214, 1218 (9th Cir.1993) (defendant who receives key to place where contraband is located has dominion or control over contraband). The jury could also find that Collins constructively possessed the cocaine base. See Ratcliffe, 550 F.2d at 434 (mere proximity or presence is sufficient to support finding of possession when accompanied by testimony connecting defendant with incriminating surrounding circumstances). Moreover, given the conflicting testimony, the jury had to choose which witnesses to believe, and we must defer to the jury's credibility determination when the question whether the defendant knowingly possessed cocaine depends on the relative weight of conflicting testimony. See United States v. Martinez, 967 F.2d 1343, 1345 (9th Cir.1992). Accordingly, viewing the evidence in the light most favorable to the government, we conclude that a rational jury could have found Collins guilty of constructively possessing the drugs. See Hegwood, 977 F.2d at 497.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3